**MANDATE**

N.Y.S.D. Case #
17-cv-7957(GBD)

18-1492
*Excevarria v. Dr Pepper Snapple Group, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand nineteen.

Present:
>  GUIDO CALABRESI,
>  DEBRA ANN LIVINGSTON,
>  RAYMOND J. LOHIER, JR.,
>      *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 09 2019

_____

YASMIN EXCEVARRIA and JOETTE PHOENIX, on behalf of themselves, all others similarly situated, and the general public,

>   *Plaintiffs-Appellants*,

v.  18-1492

DR PEPPER SNAPPLE GROUP, INC. and DR PEPPER/SEVEN UP, INC.,

>   *Defendants-Appellees*.

_____

For Plaintiffs-Appellants:  JACK FITZGERALD, Trevor M. Flynn, Melanie Persinger, The Law Office of Jack Fitzgerald, PC, San Diego, CA.

Abraham Z. Melamed, Derek Smith Law Group, PLLC, New York, NY.

1

MANDATE ISSUED ON 05/09/2019

|  | John K. Weston, Sacks Weston Diamond LLC, Philadelphia, PA. |
|---|---|
| For Defendants-Appellees: | EVAN A. YOUNG, Baker Botts L.L.P., Austin, TX. |
|  | Van H. Beckwith, Baker Botts L.L.P., Dallas, TX. |
|  | Douglas W. Henkin, Baker Botts L.L.P., New York, NY. |
|  | Ariel D. House, Baker Botts L.L.P., San Francisco, CA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Yasmin Excevarria and Joette Phoenix appeal from two orders of the United States District Court for the Southern District of New York (Daniels, *J.*): an April 18, 2018 order granting Defendants Dr Pepper Snapple Group, Inc. and Dr Pepper/Seven Up, Inc.'s motion to dismiss, and a May 15, 2018 order denying Plaintiffs' motion for leave to amend the Complaint with the Proposed First Amended Complaint ("PFAC"). The Complaint and the PFAC allege that the use of the word "diet" to market Diet Dr Pepper is false or misleading because it conveys promises that the beverage will assist in weight loss. Though Diet Dr Pepper contains no calories, it is sweetened with aspartame, which Plaintiffs allege "is likely to cause weight gain, does not help in weight loss or healthy weight management, and . . . increases the risk of [metabolic] disease such as diabetes." A-160. On appeal, Plaintiffs argue that the district court erred by (1) holding that the Complaint failed to state a claim, and (2) denying Plaintiffs leave to amend the Complaint with the PFAC. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. For the purpose of resolving a motion to dismiss, we must assume all well-pleaded facts to be true, drawing all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). That tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When a district court has denied leave to amend based on futility, this Court reviews *de novo* the underlying legal question as to whether the proposed amended complaint states a claim. *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014).

Plaintiffs argue that the use of the word "diet" in Diet Dr Pepper is misleading because it conveys certain promises about the beverage's usefulness in assisting with weight loss or healthy weight management, when in fact (Plaintiffs allege, based on a number of studies) the aspartame in Diet Dr Pepper likely causes weight gain. However, even assuming (without deciding) that Plaintiffs are right that a reasonable consumer would understand the word "diet" to convey

Case 1:17-cv-07957-GBD Document 67 Filed 05/09/19 Page 4 of 4
Case 18-1492, Document 116, 05/09/2019, 2565995, Page4 of 4

promises about weight loss or management, they have still failed to state a claim here. None of the studies cited by the Complaint or the PFAC establish a causal relationship between aspartame and weight gain, as has been determined by a number of courts in substantially identical cases involving complaints that cite the same studies. *See, e.g.*, *Manuel et al. v. Pepsi-Cola Co.*, 2019 WL 1222727, at *1 (2d Cir. Mar. 15, 2019); *Manuel v. Pepsi-Cola Co.*, 2018 WL 2269247, at *9–12 (S.D.N.Y. May 17, 2018); *Geffner v. Coca-Cola Co.*, 343 F. Supp. 3d 246, 253–54 (S.D.N.Y. 2018); *Becerra v. Dr Pepper/Seven Up, Inc.*, 2018 WL 3995832, at *7–9 (N.D. Cal. Aug. 21, 2018); *Becerra v. Coca-Cola Co.*, 2018 WL 1070823, at *4 (N.D. Cal. Feb. 27, 2018). As a result, neither the Complaint nor the PFAC state a claim, because Plaintiffs cannot raise a plausible inference that "Diet Dr Pepper" as a brand name is false or misleading. The district court properly dismissed the Complaint and denied as futile Plaintiffs' request to amend the Complaint with the PFAC.

\*   \*   \*

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4